GARY M. RESTAINO
United States Attorney
District of Arizona

PATRICK E. CHAPMAN
Assistant U.S. Attorney
Arizona State Bar No. 025407
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004
Telephone: (602) 514-7500
E-mail: Patrick.Chapman@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No.  CR-21-00937-PHX-JJT |
| Plaintiff, | |
| v. | **GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR A VARIANCE** |
| Cristoval Rodriguez, | |
| Defendant. | |

The United States of America, by and through undersigned counsel, herein responds to the defendant's Sentencing Memorandum and Request for a Variance and respectfully requests that the Court sentence the defendant to twelve months and one day of imprisonment.

## I.      BACKGROUND

On August 31, 2021, ATF agents received information from a Federal Firearms Licensee that the defendant was attempting to buy a nearly $14,000 .50 caliber rifle with cash. (PSR at ¶ 8.) The purchase was delayed due to a background check and the defendant returned on September 7, 2021 to complete the purchase. (*Id*. at ¶ 9.) Following the completed purchase, agents stopped the defendant in his car and inquired about his recent firearms purchases. (*Id*.). The defendant admitted to agents that he was "flipping guns" and was profiting approximately $300 per gun, for a total of $6,000 over the prior two months.

(*Id*.) The defendant also confirmed that he used his mother's address for the .50 caliber rifle transaction. (*Id*.)

The defendant told agents that a person named "Compa Jr." had set up a meeting with two other unknown individuals who asked the defendant to purchase two rifles. (*Id*. at ¶ 10.) One of the individuals then gave the defendant $14,000 in cash to purchase a Barrett Firearms .50 caliber rifle at Tombstone Tactical, and the defendant expected to profit between $1,500 to $2,000 for the straw purchase. (*Id*.) Investigation revealed that the defendant had purchased seventeen additional firearms from July 22, 2021 to August 25, 2021. (*Id*. at ¶ 12.) On September 15, 2021, the defendant called agents and asked for the money back from the straw purchase, claiming he was threatened. (*Id*. at ¶ 11.)

The government subsequently indicted the defendant on eight counts of Dealing Firearms without a License and False Statement During Purchase of a Firearm. (*Id*. at ¶ 1.) On July 12, 2022, the defendant pleaded guilty to one count of False Statement During the Purchase of a Firearm. (*Id*. at ¶ 2.)

## II.    <u>GUIDELINE CALCULATIONS</u>

The Presentence Investigation Report (PSR) correctly calculates the defendant's final guideline sentencing range at 12-18 months, following an increase for the number of firearms and a reduction for acceptance of responsibility. (*Id*. at ¶ 78.) The PSR recommends a sentence of twelve months and one day of imprisonment, based on the defendant's criminal history and the nature of the offense. (*Id*. at p. 17-18.)

## III.    <u>ANALYSIS</u>

Consistent with the PSR, the government recommends a sentence of twelve months and one day of imprisonment and opposes the defendant's requested variance. This recommendation is appropriate for several reasons. First, as noted in the PSR, the instant conduct is not the defendant's first experience with the criminal justice system. The defendant has several juvenile adjudications that, while old, indicate a history of violence from a young age. More recently, the defendant has been stopped multiple times for driving without a license and accrued numerous warrants. Notably, in 2015, the defendant

apparently fled from a traffic stop before being found with marijuana and an AK-47. While charged with Misconduct Involving Weapons, that charge was ultimately dismissed.

Second, while the defendant claims to have distanced himself from his earlier gang lifestyle, he still has significant negative associations. These associations undoubtedly led to the instant conduct, which involved the defendant purchasing firearms for others who could not. They also led to the defendant abusing cocaine while on pretrial release for this case. It is commendable that the defendant completed treatment at Crossroads, but drug abuse did not appear to be a motivation for the defendant to commit these offenses. Rather, his motive was purely monetary, profiting from selling guns to likely criminals. Given his recent conduct, it is questionable whether the defendant ever truly left his previous gang lifestyle.

Finally, the recommended sentence accords with similarly situated defendants and avoids unwarranted sentence disparities. A review of the United States Sentencing Commission's Judiciary Sentencing Information (JSIN) shows that, from fiscal years 2017 to 2021, of the 474 defendants sentenced under guideline § 2K2.1 with a Final Offense Level of 13 and Criminal History Category of I, the average length of imprisonment was eleven months, with a median of twelve months. (*See* https://jsin.ussc.gov/analytics/saw.dll?Dashboard.) Of those 474 defendants, 366, or 77%, were sentenced to prison. Thus, the government's recommended sentence is near the average for similarly situated defendants.

Based on the above, the government recommends a sentence of twelve months and one day in prison and opposes the requested variance. The defendant has struggled to distance himself from the negative associations of his youth. This has produced more criminal conduct, involving firearms transfers that could have no legitimate purpose. The requested sentence justly punishes the defendant for the instant conduct, taking into account his violent past. It is the government's hope that the defendant has turned a corner with his Crossroads completion and this conviction, and goes on to live a productive and law-abiding life.

Respectfully submitted this 17th day of March, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*/s/ Patrick E. Chapman*
PATRICK E. CHAPMAN
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the foregoing date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:

*Joseph Duarte, Attorney for Defendant*

*/s/ J. Brown*
U.S. Attorney's Office

- 4 -